IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM E. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-411-JPG |
| | ) | |
| LT. HANES, | ) | |
| LT. JANE DOE NANCY, and | ) | |
| JEFFERSON COUNTY JUSTICE | ) | |
| CENTER, | ) | |
| | | |
| Defendants. | | |

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff William E. Jones, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that his privacy rights were violated while he was a pretrial detainee at the Jefferson County Justice Center.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Plaintiff makes the following allegations: Plaintiff arrived at the Jefferson County Justice Center on December 28, 2018 and was placed in a cell by Lt. Jane Doe (also known as Nancy). (Doc. 1, p. 1). The security camera outside the cell had a direct view of the shower and toilet in Plaintiff's cell. Plaintiff put up a blanket to give him privacy from the camera and Lt. Hanes told him to take the blanket down or he would be written a ticket. (*Id*.). Plaintiff alleges that the Defendants violated his privacy rights by having the camera in direct view of the toilet.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following single count:

> **Count 1:** Lt. Jane Doe (Nancy) and Lt. Hanes violated Plaintiff's constitutional right to privacy by placing him in a cell with a security camera directly in view of his shower and toilet.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

Plaintiff alleges that Defendants violated his privacy by placing him in a cell where a security camera had a direct view of his shower and toilet. He was also not allowed to put up a sheet to protect his privacy while he used the bathroom in view of the camera.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

At best, prisoners have "very limited privacy rights." *Franklin v. McCaughtry*, 110 F. App'x. 715, 719 (7th Cir. 2004) (citing *Anderson v. Romero*, 72 F.3d 518, 522 (7th Cir. 1995)). Those rights, however, are limited due to the realities of confinement, most importantly the need to maintain security and order in jails and prisons. *Bell v. Wolfish*, 441 U.S. 520, 545-46 (1979) ("There must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application.") (internal quotation omitted). The Seventh Circuit has found that a prison has a "very strong interest in having guards observe prisoners at all times and in all situations." *Canedy v. Boardman*, 91 F.3d 30, 34 (7th Cir. 1996). This is because constant observation provides for a more secure facility. *See Canedy v. Boardman*, 16 F.3d 183, 186 (7th Cir. 1994) (in suit relating to constitutionality of female guards observing male inmates in states of undress and during private settings, court noted that "prison officials have an obvious interest in security.").

Neither detainees nor prisoners have a right to be free from reasonable surveillance. For instance, a prisoner retains no expectation of privacy in his cell under the Fourth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 523-30 (1984). Likewise, the Seventh Circuit has found no protected privacy interest at stake, in the context of jail policies that expose nude male detainees to female guards. *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995) (holding that female prison guards can monitor male detainees who are in the shower or on the toilet). Indeed, the "monitoring of naked prisoners is not only permissible…but also sometimes mandatory." *Matthews v. Raemisch*, 513 F. App'x. 605, 608 (7th Cir. 2013) (quoting *Johnson*, 69 F.3d at 146).

Considering the above, the fact that Plaintiff was placed in a cell with a surveillance camera that could see him while in the toilet or shower, standing on its own, does not state a claim. The

use of a camera in a detainees' cell that observes all parts of the cell is clearly in furtherance of the jail's very strong interest in constant observation of the detainees.

## Disposition

Accordingly, Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **August 12, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 7/15/2019**

s/J. Phil Gilbert
**United States District Judge**
